## Administration of Trust Funds.

INTERNATIONAL IMPROVEMENT FUND OF FLORIDA *v.* GREENOUGH. Appeal from the circuit court of the United States for the northern district of Florida. The question in this case is one of costs, expenses, and allowances awarded to the complainant below out of a trust fund under control of the court. The case was decided in the United States supreme court in April, 1882. Mr. Justice *Bradley* delivered the opinion of the court affirming the decree of the circuit court. Mr. Justice *Miller* dissenting.

An appeal lies from an order directing costs to be paid out of funds in the hands or under the control of the court. The proceedings before the master may be regarded as so far independent as to make the decision substantially a final decree for the purposes of an appeal. It is a general principle that a trust estate must bear the expenses of its administration, and where one of many parties having a common interest in the trust fund at his own expense takes out proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself or by proportional contribution from those who accept the benefits of his efforts. In the vast amount of litigation which has arisen in this country upon railroad mortgages, where various parties have intervened for the protection of their rights, and the fund has been subjected to the control of the court and placed in the hands of receivers or trustees, it has been the common practice, as well in the courts of the United States as in those of the states, to make fair and just allowances for expenses and counsel fees to the trustees or other parties promoting the litigation and securing the due application of the property to the trusts and charges to which it was subject; but an allowance for private and personal expenses is illegal.

Cases cited in the opinion: Angell v. Davis, 4 Mylne & C. 360; Taylor v. Dowlan, L. R. 4 Ch. App. 697; Atty. Gen. v. Brewers' Co. 1 Peere Wms. 376; Atty. Gen. v. Kerr, 4 Beav. 297; Atty. Gen. v. Old South Society, 13 Allen, 474; In re Paschal, 10 Wall. 483; Stanton v. Hatfield, 1 Keen, 388; Thompson v. Cooper, 2 Collyer, 87; Tootal v. Spicer, 4 Sim. 510; Larkin v. Paxton, 2 Mylne & K. 320; Barber v. Wardle, Id. 818; Sutton v. Doggett, 3 Beav. 9; Worrall v. Harford, 8 Ves. Jr. 4; In re Williams, 2 Bank Reg. 28; In re O'Hara, 8 Law Reg. (N. S.) 113; Ex parte Plitt, 2 Wall. Jr. 453; Cowdrey v. Galveston R. Co. 93 U. S. 352; Robinson v. Pett, 2 White & T. Lead. Cas. in Eq. 238.